IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**YVETTE URSULA JACOBY,**             3:13-cv-01526- RE

       Plaintiff,             **OPINION AND ORDER**

    v.

**CAROLYN W. COLVIN,**
Acting Commissioner of Social Security,

       Defendant.

**REDDEN**, Judge:

Plaintiff Yvette Ursula Jacoby brings this action to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for Disability Insurance Benefits. For the reasons set forth below, the decision of the Commissioner is reversed and this matter is remanded for the calculation and payment of benefits.

1 - OPINION AND ORDER

## BACKGROUND

Jacoby filed her application in December 2009, alleging disability since June 15, 2004, due to "diabetes, colitis, depression, migraines, blind left eye, right rotator cuff injury, right tennis elbow, neuropathy both hands, thyroid." Tr. 171. Born in 1966, Jacoby was 43 years old on her date last insured. Her application was denied initially and upon reconsideration. A hearing was held on November 23, 2011. Tr. 31-85. The Administrative Law Judge ("ALJ") found her not disabled. Jacoby's request for review was denied, making the ALJ's decision the final decision of the Commissioner.

## ALJ's DECISION

The ALJ found Jacoby had the medically determinable severe impairments of diabetes type I, blind in the left eye, right shoulder rotator cuff syndrome with adhesive capsulitis. Tr. 14. The ALJ determined Plaintiff met the insured status requirements of the Social Security Act through December 31, 2009. *Id.*

The ALJ found that Jacoby's impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. Tr. 17.

The ALJ determined that Jacoby retained the residual functional capacity ("RFC") to perform a limited range of light work and is able to lift and /or carry 20 pounds occasionally and 10 pounds frequently, sit for six hours and stand and/or walk for two hours in an eight hour day. Tr. 18. The ALJ found Jacoby is limited to no pulling and occasional overhead reaching with her right upper extremity. Tr. 18. The ALJ found Jacoby could climb no ladders, and was limited to occasional crouching, stooping, kneeling, crawling and climbing ramps and stairs. She

could do no work requiring binocular vision or depth perception. She must avoid hazardous machinery and extreme vibration. *Id.*

At step five, the ALJ found Jacoby was unable to perform her past relevant work as a sales clerk or teachers aide, but was capable of performing other work that exists in significant numbers in the national economy, including information clerk. Tr. 24.

Jacoby argues that the ALJ erred by failing to find her mental impairments severe at step two and by providing legally insufficient reasons to discount opinions.

## MEDICAL EVIDENCE AND TESTIMONY

On December 20, 2010, Patrick Tester, M.D., Plaintiff's treating physician since October 2008, completed a form in which he opined Plaintiff's Type 1 Diabetes was complicated and the prognosis was progressive. Tr. 800. Dr. Tester stated Plaintiff had symptoms including fatigue, general malaise, extremity pain and numbness, difficulty walking, muscle weakness, diminished manual dexterity, episodic blurred vision, retinopathy, diarrhea, difficulty thinking and concentrating, psychological problems, excessive thirst, abdominal pain, dizziness and loss of balance, swelling, kidney problems, frequent urination and episodes of high and low blood sugars. Tr. 800-01. Dr. Tester stated Plaintiff was not a malingerer, and her symptoms would frequently interfere with her attention and concentration. Dr. Tester stated Plaintiff could stand for 20 minutes before needing to change position, and would miss more than three days a month of work due to symptoms. Tr. 804.

In November, 2011, Dr. Tester completed a form in which he opined Plaintiff was extremely impaired in the ability to understand and remember detailed instructions, the ability to maintain attention and concentration, and the ability to complete a normal workday. Tr. 807. Dr.

Tester found Plaintiff markedly impaired in the ability to ask simple questions or request assistance, and the ability to remember locations and work-like procedures. *Id.*

In November 2011, Colette R. DeLeon, L.C.S.W., Plaintiff's mental health clinician since October 2011, completed a form in which she opined Plaintiff had generalized anxiety with difficulty concentrating and recurrent panic attacks. Tr. 809. Ms. DeLeon indicated Plaintiff was markedly impaired in the ability to remember locations and work-like procedures, extremely impaired in the ability to remember detailed instructions, the ability to maintain attention and concentration, the ability to complete a normal workday or work week, and the ability to ask simple questions or request assistance. Tr. 811.

## DISCUSSION

### I. Step Two

At step two, the ALJ determines whether the claimant has a medically severe impairment or combination of impairments. *Bowen v. Yuckert,* 482 US 137, 140-41 (1987). The Social Security Regulations and Rulings, as well as case law applying them, discuss the step two severity determination in terms of what is "not severe." According to the regulations, "an impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities." 20 CFR § 404.1521(a). Basic work activities are "abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling." 20 CFR § 404.1521(b).

The step two inquiry is a *de minimis* screening device to dispose of groundless claims. *Yuckert,* 482 US at 153-54. An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality that has "no more than a minimal

4 - OPINION AND ORDER

effect on an individual's ability to work." *See* SSR 85-28; *Yuckert v. Bowen,* 841 F2d 303, 306 (9th Cir 1988) (adopting SSR 85-28). A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, and cannot be established on the basis of a claimant's symptoms alone. 20 CFR § 404.1508.

The ALJ found the medical record did not establish a severe mental impairment. Tr. 22. The ALJ stated Plaintiff had never been in out or in patient care, her condition waxed and waned over the years with no evidence of worsening, her symptoms were controlled with treatment and medication, and her GAF scores suggested only moderate symptoms. *Id.*

The ALJ properly determined that Jacoby had severe impairments at step two and continued the analysis. Any error in failing to identify other limitations as "severe" at step two is therefore harmless.

## II. The Medical Evidence

Disability opinions are reserved for the Commissioner. 20 C.F.R. §§ 404.1527(e)(1); 416.927(e)(1). If no conflict arises between medical source opinions, the ALJ generally must accord greater weight to the opinion of a treating physician than that of an examining physician. *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir. 1995). In such circumstances the ALJ should also give greater weight to the opinion of an examining physician over that of a reviewing physician. *Id.* But, if two medical source opinions conflict, an ALJ need only give "specific and legitimate reasons" for discrediting one opinion in favor of another. *Id.* at 830. The ALJ may reject physician opinions that are "brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). "[T] opinions of a specialist about

medical issues related to his or her area of specialization are given more weight than the opinions of a nonspecialist." *Smolen v. Chater,* 80 F.3d 1273, 1290 (9th Cir. 1996).

The ALJ noted Dr. Tester's opinion and gave it little weight. Tr. 17. The ALJ stated that Dr. Tester's "specialty area is internal medicine, and he appears to be proffering an opinion well outside his area of expertise." *Id.* This is not a valid reason to reject the opinion of the treating physician. The ALJ stated that Dr. Tester's opinion was contradicted by the opinion of the state agency examiner, Dorothy Anderson, Ph.D. Dr. Anderson reviewed the medical record and on April 12, 2010, she opined that Plaintiff had only mild limitations. Tr. 489-501. However, Dr. Tester's December 2010 opinion was not reviewed by Dr. Anderson, so her review of the record was not complete. Finally, the ALJ states that Dr. Tester's opinion is given little weight because it "does not square with the overall treatment record, including the claimant's relatively high GAF scores and indications of improvement with therapeutic treatment." Tr. 17. However, careful review of the treatment record reveals that the bulk of the evidence is consistent with Dr. Tester's opinion. Counseling notes from Western Psychological and Counseling Services, P.C. indicate that between January 2004 and Plaintiff's date last insured, December 31, 2009, Plaintiff reported anxiety, memory loss, suicidal ideation, and depression. Tr. 265, 280, 277, 268, 264, 446, 445, 441, 439, 438. In October 2008 Dr. Tester noted recurrent depression. Tr. 388. In November 2009 Dr. Tester noted "she obviously has multiple problems, which make her working effectively impossible." Tr. 390.

Dr. Tester's opinion was corroborated by Leeza Maron, Ph.D. in a January 2011 Neuropsychological evaluation, in which Dr. Maron noted poor frustration tolerance, moderately impaired processing speed and working memory, prominent executive dysfunction, and Plaintiff

6 - OPINION AND ORDER

required help with activities of daily living. Tr. 617-23. The ALJ failed to identify specific and legitimate reasons to reject Dr. Tester's opinion. Accordingly, on this record, the ALJ's evaluation of Dr. Tester's opinion was not supported by substantial evidence.

### III. Remand

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 172, 1178 (9th Cir. 2000), *cert. denied*, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r*, 635 F.3d 1135, 1138-39 (9th Cir. 2011)(quoting *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004)). The court may not award benefits punitively, and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act. *Id* at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.* The "credit-as-true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart*, 340 F.3d 871, 876 (citing *Bunnell v. Sullivan*, 947 F.2d 871(9th Cir.

2003)(en banc)). The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue,* 623 F.3d 1032, 1035 (9th Cir. 2010).

The ALJ's assessment of Dr. Tester's opinion is erroneous for the reasons set out above. It is clear from the record that the ALJ would be required to find Plaintiff disabled if such evidence were credited as Dr. Tester assessed Plaintiff with multiple functional limitations. If credited, those opinions establish that Plaintiff is disabled. Thus, the court concludes Plaintiff is disabled based on this medical record and no useful purpose would be served by a remand of this matter for further proceedings. See Harman, 211 F.3d at 117.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter to the Commissioner pursuant to Sentence Four, 42 U.S.C. § 405(g) for the immediate calculation and payment of benefits to Plaintiff.

IT IS SO ORDERED.

Dated this ___ day of December, 2014.

JAMES A. REDDEN
United States District Judge